UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CARNEL BRYANT,  )
                )
    Petitioner,  )
                )
v.              )  Case No. CV416-077
                )
CEDRIC TAYLOR,  )
                )
    Respondent. )

## ORDER

Carnel Bryant petitions this Court for 28 U.S.C. § 2254 relief.[1] Doc. 1. "A jury found [him] guilty of armed robbery, kidnapping, aggravated assault, criminal attempt to commit aggravated sodomy, and obstruction of a law enforcement officer." *Bryant v. State*, 304 Ga. App. 755, 755 (2010), *cert. denied* (Ga. Jan 13, 2011). On direct appeal, he challenged the sufficiency of the evidence supporting the kidnapping charge, raised evidentiary errors, and faulted the trial court for refusing to charge on robbery by intimidation. He also argued that his sentence

---

[1] He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court **GRANTS** because of his indigency. The Court is preliminarily reviewing his petition under Rule 4 of the Rules Governing Section 2254 Cases.

was unconstitutional and erroneous, and that he received ineffective assistance of counsel at trial. *Id.* That court affirmed the conviction but vacated the sentence imposed for criminal attempt to commit aggravated sodomy, then remanded for resentencing. *Id.* The record before this Court provides no detail on the re-sentencing and final-judgment dates, but Bryant says he sought state habeas court relief. He does not say when[2] but represents that it was denied on February 16, 2015. Doc. 1 at 7. He signature-filed his § 2254 petition on February 25, 2016. *Id.* at 15.

That petition appears to be untimely. He had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[3] That federal habeas clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the

---

[2] The AO 241 form petition that he used failed to ask him *when* he filed it, only when it was decided. The form is available at http://www.gasd.uscourts.gov/pdf/AO241-GAS.pdf

[3] That provision provides for other events which trigger the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2)-(4).

petitioner does not have a direct appeal or collateral proceeding in play."); *Westmoreland v. Warden*, ___ F.3d ___, 2016 WL 1238241 at * 2 (11th Cir. Mar. 30, 2016) ("[A] Georgia extraordinary motion for new trial can be an application for State post-conviction or other collateral review.") (quotes and cite omitted); *Jackson v. State of Georgia*, 2016 WL 1389612 at * 1 (S.D. Ga. Apr. 7, 2016).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Again, Bryant does not say when he filed for state habeas court relief after he exhausted his direct appeal on January 13, 2011. But he does say that the state habeas court denied his petition there on February 16, 2015. He did not file his sign his § 2254 petition here until

3

*more than* a year later, on February 25, 2016.[4] It seems likely that he ran out the one-year clock even assuming he kept the ball rolling between January 13, 2011 and February 16, 2015. Still, "if a properly filed state application [for collateral review] is denied, then the time for appealing this denial tolls the federal filing deadline." *Westmoreland*, 2016 WL 1238241 at * 1. "This is true regardless of whether the inmate actually files the notice of appeal." *Id.* (quotes and cite omitted). And O.C.G.A. § 9-14-52(b) would have afforded him 30 days to appeal. *Jones v. Hart*, 2016 WL 1579083 at * 2 (S.D. Ga. Mar. 24, 2016).

Evidently aware of the "new trial motion" option illuminated by *Westmoreland*, Bryant answered his § 2254 form petition's statute of limitations question by writing "Motion for New Trial." Doc. 1 at 15. But he makes that motion *to this Court*, not a Georgia court -- which is the only way he could have stopped the one-year clock (had he filed it

---

[4] *See Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing"). Where an inmate fails to "identify that date and there is no contrary evidence, he is presumed to have given his petition to officials for mailing on the day he signed it. . . .' *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)." *Moore v. Allen*, 2016 WL 1237852 at * 1 n. 3 (N.D. Ga. Mar. 29, 2016).

4

before February 16, 2016, and that's generously assuming that he had not already run out the clock in prior years).

Bryant's petition "may still be timely if [he] is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.* But he presents nothing to indicate an extraordinary circumstance stood in the way of timely filing.

Accordingly, the State is invited to respond (*e.g.*, by filing a motion to dismiss if it can support it) and is granted leave to make a limited record filing (restricted to the timeliness issue) should it so wish. It must file a response within 30 days of the date this Order is served. Bryant is free to file as many briefs as he wants when he wants.

**SO ORDERED,** this 26th day of April, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5