# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CARNEL BRYANT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV416-077 |
| CEDRIC TAYLOR, | ) ) ) |
| Respondent. | ) |

## ORDER

Carnel Bryant petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. "A jury found [him] guilty of armed robbery, kidnapping, aggravated assault, criminal attempt to commit aggravated sodomy, and obstruction of a law enforcement officer." *Bryant v. State*, 304 Ga. App. 755, 755 (2010), *cert. denied* (Ga. Jan 13, 2011). The appellate court affirmed his conviction but vacated the sentence imposed for criminal attempt to commit aggravated sodomy, then remanded for resentencing. *Id.*

Though the State does not say and neither does Bryant, it is apparent that, after his March 10, 2011 resentencing (doc. 20-1 at 2 ("Consent Amendment to Sentencing Order Upon Remand"), he did not

re-appeal. Instead, he sought state habeas court relief on June 26, 2013. Doc. 20-2 at 1. That court denied relief in two June, 2014 rulings. Doc. 20-3; doc. 20-4. The Georgia Supreme Court denied his appeal application on February 16, 2015, doc. 20-5, *reconsideration motion denied as untimely*, doc. 20-6 (April 9, 2015), *second reconsideration motion "not allowed filed,"* doc. 20-7 (May 11, 2015). Bryant signature-filed his § 2254 petition here on February 25, 2016. Doc. 1 at 15.

Bryant had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That federal habeas clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Westmoreland v. Warden*, 817 F.3d 751, 755 (11th Cir. 2016); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

---

[1] That provision provides for other events, none of which are applicable here, which trigger the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2)-(4).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Insisting that Bryant's § 2254 petition is untimely, the State reasons that when the Georgia Supreme Court denied his cert petition on January 13, 2011, Bryant had 90 days to appeal to the United States Supreme Court, per Rule 13 of the Rules of the United States Supreme Court. Doc. 18-1 at 5. "To the best that Respondent can determine, [Bryant] did not file a certiorari petition in the United States Supreme Court." *Id.* Bryant does not claim he did, either in his petition or otherwise-frivolous response briefs.[2] Doc. 1, 16 & 21.

---

[2] He contends that the State's response to this Court's Order (directing the State to respond to his petition) is untimely and thus should be disregarded. Doc. 21. The

Thus, the State concludes that his conviction became final on April 13, 2011, the ninetieth day after it was affirmed on direct appeal. Doc. 18-1 at 5. It then figures that Bryant had until April 13, 2012, to either file a federal petition or toll the one-year period of limitations by filing a state collateral attack. Because Bryant waited until June 26, 2013 to file his state habeas petition, the State concludes, he ran out the one-year clock and, per *Webster*, it cannot be restarted. *Id.*[3]

The State has overlooked something, however: the legal effect of Bryant's 2011 resentencing. Resentencing resets the one-year clock.[4]

---

State was a few days late. Docs. 12, 17-20. It should not keep this Court waiting, especially without seeking an extension of time. Otherwise there is no default judgment in habeas, *Cohen v. United States*, 2013 WL 5882923 at * 9 (S.D.N.Y. Oct. 29, 2013), the deadline was not jurisdictional, and Bryant can show no prejudice in any event.

[3] Neither, the Court notes, has he now shown any viable equitable tolling grounds in his responses, docs. 16 & 21.

[4] As an encyclopedic source explains:

> Where the conviction is affirmed on direct appeal but the sentence is vacated and the case is remanded for resentencing, the judgment of conviction does *not* become final within the meaning of [28 U.S.C.] § 2244(d)(1)(A) until both the conviction and the sentence have become final by the conclusion of direct review or the expiration of the time for seeking such review. *Burton v. Stewart*, 549 U.S. 147, 156–57, 127 S. Ct. 793, 798–99, 166 L. Ed. 2d 628, 26 A.L.R. Fed. 2d 675 (2007) (per curiam) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing claims are final on direct review); *Rashad v.*

4

*Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) ("[W]hen a petitioner is resentenced after [§ 2244(d)(1)'s] one-year statute of limitations has expired for the original judgment of conviction and

---

*Lafler*, 675 F.3d 564, 567-68 (6th Cir. 2012) (judgment became final upon the conclusion of direct review of the new sentence petitioner received at resentencing); *Scott v. Hubert*, 635 F.3d 659, 666 (5th Cir. 2011), cert. denied, 132 S. Ct. 763, 181 L. Ed. 2d 485 (2011) ("we hold that when a state prisoner's conviction is affirmed on direct appeal but the sentence is vacated and the case is remanded for resentencing, the judgment of conviction does not become final within the meaning of 28 U.S.C. § 2244(d)(1)(A) until both the conviction and the sentence have become final by the conclusion of direct review or the expiration of the time for seeking such review"); *Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."); *Linscott v. Rose*, 436 F.3d 587, 591, 2006 FED App. 0033P (6th Cir. 2006), *redesignated as opinion and publication ordered* ("the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final"); *Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (holding that the statute of limitations is measured "from the date on which the [latest] resentencing judgment became final"); *U.S. v. Colvin*, 204 F.3d 1221, 1224-25 (9th Cir. 2000) (under § 2255 applicable to federal prisoners, appellate remand will delay the start of the clock until time for appeal expires on the remand disposition); *accord U.S. v. Carbajal-Moreno*, 332 Fed. Appx. 472, 475 (10th Cir. 2009) (unpublished disposition); *U.S. v. Messervey*, 269 Fed. Appx. 379, 381 (5th Cir. 2008); *Robbins v. Secretary for Dept. of Corrections*, 483 F.3d 737, 738–39 (11th Cir. 2007) (per curiam); *U.S. v. LaFromboise*, 427 F.3d 680, 683–85 (9th Cir. 2005), *order amended*, 2005 WL 3312694 (9th Cir. 2005); *Cochran v. Phelps*, 600 F. Supp. 2d 603, 607 (D. Del. 2009). Lower courts have found this to be true even if the resentencing occurs on collateral review, as opposed to direct appeal. *Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286, 1288 (11th Cir. 2007); *Hess v. Ryan*, 651 F. Supp. 2d 1004, 1021 (D. Ariz. 2009) (collecting cases).

FED. HABEAS MANUAL § 9A:18 (May 2016) (emphasis added).

sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement. A new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing."); *see also Patterson v. Secretary, Florida Dept. of Corrections*, 812 F.3d 885, 894 (11th Cir. 2016) (a state trial court's post-finality order modifying a petitioner's original sentence to exclude a provision imposing chemical castration constituted a "new judgment," even though the petitioner had only asserted claims related to his initial convictions, not his new sentence, and the new sentence did not reduce the length of incarceration; plus, it was immaterial that the state trial court had not said that it was entering a new judgment when it eliminated the castration provision).[5]

The one-year clock in this case, then, was re-started on March 10, 2011 -- the date of Bryant's resentencing. Doc. 20-1 at 2. But the State has failed to provide this Court with an actual judgment, only a web-page

---

[5] Note that there is a difference between a sentence alteration and a post-conviction, discretionary sentence *reduction*. *Murphy*, 634 F.3d at 1308 ("[t]he plain and obvious meaning of this language is that a [Fed. R. Cr. P] 35(b) reduction has no effect on the finality of the judgment of conviction."), quoted in *United States v. Lopez-Robles*, 2016 WL 4004828 at * 3 (W.D. Ark. July 5, 2016).

printout. *Id.* Assuming one exists and was entered on that date, his conviction became final 30 days after its entry. O.C.G.A. § 5-6-38(a) (defendants must file a notice of appeal within 30 days of the judgment challenged). Thirty days later places Bryant at Sunday, April 10, 2011 (hence, Monday, April 11, 2011, *see* O.C.G.A. § 5-6-48(c)) for the start of the one-year period. And that, in turn, means he had until Tuesday, April 10, 2012, to make a clock-stopping filing. Since it's undisputed that his first filing was not until his June 26, 2013, state habeas petition, doc. 20-2 at 1,[6] he is still too late.

---

[6] Bryant signed his state habeas petition on June 12, 2013. Doc. 20-2 at 15. But only federal courts

> follow the mailbox rule, under which courts credit the start date of something by the date on which the prisoner signs his filing and places it within his prison's mail system. *See French v. Carter*, 828 F.Supp.2d 1309, 1315-16 (S.D.Ga. 2012). [In contrast,] Georgia follows a hybrid rule, wherein the initial state habeas petition filing date is established by the state habeas court clerk's "filing-stamp" date, while appeals from an adverse state habeas ruling are governed by the mailbox rule. *Roberts v. Cooper*, 286 Ga. 657, 660-61, 691 S.E.2d 875 (2010) (mailbox rule did not apply to an initial pro se petition for habeas relief but was instead limited to appeals from rulings on habeas petitions); *Lewis v. Howerton*, 2012 WL 4514044 at * 2 n. 3 (N.D. Ga. Sep. 30, 2012) ("the 'mailbox rule' only applies to appeals of denials of habeas corpus petitions, not to the filing of such petitions in the trial court.") (emphasis omitted). Hence, the [June 23, 2013] court-stamp filing date controls here.

*Biggins v. Barrow*, 2013 WL 3047903 at * 1 n. 1 (S.D. Ga. June 17, 2013); *accord, Black v. Sikes*, 2016 WL 3675812 at * 1 n. 1 (S.D. Ga. May 20, 2016).

But again, there is no state court, resentencing judgment in the record here. And "it is axiomatic that a judgment is not effective until it is signed by the judge and filed with the clerk." *Pritchett v. State*, 267 Ga.App. 303, 304 (2004) (quotes and cite omitted). Too, a lot can happen before a judgment is officially entered on a court's docket. *Id.* at 304 (no trial court error in enhancing the defendant's sentence to 25 years after it pronounced a 15-year sentence. Neither the oral pronouncement nor the stricken material on the judgment form constituted a judgment. At the time the court pronounced the shorter sentence, it had not yet signed the judgment). "We doubt most lawyers would consider a criminal case concluded in the trial court before judgment is entered, for it is [the] judgment which signals that the case has become final and is about to end or reach another stage of proceedings." *Ramdass v. Angelone*, 530 U.S. 156, 174 (2000).

Within 14 days of the date this Order is served, then, the State shall file the missing judgment in the record, or cite to it (it has filed a mass of documents, doc. 22, many not relevant to the timeliness issue; it's possible the Court has overlooked it). Bryant is free to file as many briefs as he wants when he wants, but the Court will rule any time

8

following the twenty-first day after the State complies with this directive. He also is free to plead and prove that he took an appeal from the March 10, 2011 re-sentencing, or made some other clock-stopping filing.[7]

**SO ORDERED,** this 4th day of August, 2016.

_/s/ J.E. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] He must assert any facts, however, under a 28 U.S.C. § 1746 declaration, which is not a mere ministerial requirement. Habeas and § 2255 movants who use it and lie to this Court are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009). Any factual submission Bryant submits must end with this passage: "I declare, under penalty of perjury, that the foregoing is true and correct. I placed this filing in my prison's mailing system on _____, 2016."