# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CARNEL BRYANT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV416-077 |
| CEDRIC TAYLOR, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Carnel Bryant petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. "A jury found [him] guilty of armed robbery, kidnapping, aggravated assault, criminal attempt to commit aggravated sodomy, and obstruction of a law enforcement officer." *Bryant v. State*, 304 Ga. App. 755, 755 (2010), *cert. denied* (Ga. Jan 13, 2011). The appellate court affirmed his conviction but vacated the sentence imposed for criminal attempt to commit aggravated sodomy, then remanded for resentencing. *Id.*

The record shows that, after his March 10, 2011 resentencing, doc. 20-1 at 2, Bryant did not re-appeal. Instead, he sought state habeas court relief on June 26, 2013. Doc. 20-2 at 1. That court denied relief in

two June 2014 rulings. Doc. 20-3; doc. 20-4. The Georgia Supreme Court denied his appeal application on February 16, 2015, doc. 20-5, *reconsideration motion denied as untimely*, doc. 20-6 (April 9, 2015), *second reconsideration motion "not allowed filed,"* doc. 20-7 (May 11, 2015). He filed his § 2254 petition on February 25, 2016. Doc. 1 at 15.

As Bryant's own lawyer warned him in January 2011, doc. 26 at 3-4, he had to file for § 2254 relief within one year of the date that his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That federal habeas clock is stopped only by the pendency of a properly filed state proceeding. 28 U.S.C. § 2244(d)(2); *Westmoreland v. Warden*, 817 F.3d 751, 755 (11th Cir. 2016); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) (the "clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by

---

[1] That provision provides for other events, none of which is applicable here, which trigger the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2)-(4).

filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n.3 (S.D. Ga. Feb. 8, 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Previously the Court concluded that the one-year clock in this case was re-started on March 10, 2011, Bryant's resentencing date. *Bryant v. Taylor*, 2016 WL 4154714 at * 2 (S.D. Ga. Aug. 4, 2016). He thus had, per O.C.G.A. § 5-6-38(a)'s thirty-day appeal period, until April 10, 2012, to stop the clock. *Id.* Since he filed nothing until June 26, 2013, he ran that clock out. *Id.*

But those computations depended on the existence of a state court judgment that appeared to be missing in the record. *Id.* at *3. So, the Court directed the State to supply the missing judgment. *Id.* It also noted that a mass of documents had been filed in this case, so maybe the Court had overlooked it. In response, the State points out that Bryant himself had filed the missing document. Doc. 24 at 4 ¶ 8. For good measure, it has since filed its own copy. Doc. 25-1.

That judgment completes the record and supports the Court's then-tentative, now final ruling that Bryant's petition is time-barred.² Accordingly, Carnel Bryant's § 2254 petition should be **DISMISSED WITH PREJUDICE**. Doc. 1. The Court also **DENIES** as frivolous his Motion For New Trial. Doc. 7. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

² The Court also agrees with the State's computation (doc. 24 at 4-5 ¶ 9) on the ministerial matter discussed in *Bryant*, 2016 WL 4154714 at * 1 n. 2. Bryant had accused the State of taking too long to respond, and the Court erred in agreeing with him. In fact, the response was timely.

**SO REPORTED AND RECOMMENDED,** this __12th__ day of September, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA